MICHAEL J. ROESSNER, DC SBN 501875
Email: Roessnerm@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5631
Washington, D.C. 20549
Telephone: (202) 551-4347
Facsimile: (703) 813-9366

FILED

SEP 23 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

SK

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 20 8 0 1 6 3 MISC

SECURITIES AND EXCHANGE COMMISSION,

Docket No.:

*Plaintiff/Petitioner*,

v.

BETHANY LIOU AND GOLDEN CALIFORNIA REGINONAL CENTER, LLC,

*Defendants/Respondents.*

## APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF SECURITIES ACT ENFORCING COMPLIANCE WITH COMMISSION ORDER

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), to enforce compliance by Respondents Bethany Liou and Golden California Regional Center, LLC (collectively, "Respondents") with a final Commission order entered against them on consent on November 4, 2019. This order required Respondents to disgorge $49,306,893.00 and prejudgment interest of $988,339.00 pursuant to Section 17(a)(2) of the Securities Act, and injunctive relief. The Commission seeks the past due amount

Plaintiff's Application

of $1,954,397.29, plus additional interest, late payment penalties and collection fees as allowed by law.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce a Commission order finding that Respondents violated Section 17(a)(2) of the Securities Act.

2. Respondents have failed to comply with the Commission Order in that they have failed to timely pay the full amount of disgorgement and prejudgment interest imposed against them and owe $1,954,397.29 to the Commission, plus additional interest, late payment penalties and collection fees as allowed by law.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Bethany Liou ("Liou"), 55, is a resident of San Mateo County, California. She is the sole owner and operator of Golden California Regional Center, LLC.

5. Golden California Regional Center, LLC ("Golden California") is a California limited liability company located in Palo Alto, California.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act.

7. Venue lies in the Northern District of California under Section 22(a) of the Securities Act.

## STATEMENT OF RELEVANT FACTS

8. Respondents sold to investors at least $45,000,000 in limited partnership interests in GCRC Cupertino Fund, LP ("Cupertino Fund").

9. Instead of deploying those funds to the developer in accordance with the Cupertino Fund offering documents, Respondents transferred the investor funds to accounts in Liou's name and then pledged those funds as collateral for a line of credit, thereby violating Section 17(a)(2) of the Securities Act.

10. Respondents have failed to comply with the Commission Order in that they did not timely pay the full amount of disgorgement and prejudgment interest imposed upon them and owe the Commission $1,979,398.75, plus additional interest, late payment penalties and collection fees as allowed by law.

11. The Commission also entered injunctive relief ordering Defendants to cease and desist from committing or causing any violations and any future violations of Section 17(a)(2) of the Securities Act.

# ARGUMENT

12. The Commission brings this proceeding under Section 20(c) of the Securities Act. This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

13. Proceedings under this provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

14. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

15. In such proceedings, the Respondents may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

16. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

### I.

That the Court enter an Order to Show Cause directing Respondents to show cause why this Court should not enter an Order enforcing their compliance with the Commission Order.

### II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

 a. Respondents to pay the past due amount of $1,979,398.75, plus additional interest, late payment penalties and collection fees as allowed by law; and
 b. Compliance with the Cease and Desist Relief set forth in the Order.

### III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

### IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the order entered herein.

### V.

That the Court order such other and further relief as may be just and proper.

Dated: September 22, 2020

Respectfully submitted,

s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone: 202.551.4347
Facsimile: 703.813.9366
    Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission